IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEANNENE NELSON,

                Plaintiff,

v.                                                 OPINION & ORDER

CAROLYN W. COLVIN,                          14-cv-893-jdp
  Acting Commissioner of Social Security,

                Defendant.

---

      Plaintiff Jeannene Nelson seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, finding her not disabled within the meaning of the Social Security Act. The court held a telephonic hearing on Nelson's motion for summary judgment on February 11, 2016. Nelson contends primarily that the ALJ failed to adequately account for her limitations in concentration, persistence, or pace (CPP). For reasons stated more fully at the hearing, the court will remand this case to the Commissioner for further proceedings.

      Nelson suffers from major depressive disorder and chronic pain. Nelson's medical records include various statements concerning the severity of her difficulties with CPP. At step three of the sequential analysis, the ALJ credited Nelson's statements about her limitations in maintaining CPP, finding that those limitations were moderate. R. 12.[1] But the ALJ did not incorporate any limitations in CPP into Nelson's residual functional capacity (RFC) or into his questions to the vocational expert. The ALJ determined that Nelson had the residual functional capacity to perform light work, but limited to unskilled jobs with only

---

[1] Record citations are to the administrative record, Dkt. 9.

frequent (not constant) contact with co-workers and the public. R. 13. He asked the vocational expert hypothetical questions about someone limited to light, unskilled work. R. 108. Nelson's attorney asked the expert additional questions about someone with "no useful ability to handle ordinary or routine stress of unskilled work, or to adapt to changes in an unskilled work environment." R. 110. Nothing in the RFC or the questions to the vocational expert expressly addressed any limitations in CPP.

The Commissioner argued that the RFC limitation to unskilled work was an accommodation of Nelson's limitations in maintaining CPP. But the ALJ's decision did not explain how unskilled work would address those limitations. The Seventh Circuit has rejected similar arguments before. *Craft v. Astrue*, 539 F.3d 668, 677 (7th Cir. 2008) (limiting a claimant to "unskilled" work "by itself does not provide any information about [the claimant's] mental condition or abilities"). The bottom line is that the RFC includes no accommodation of any limitation in CPP.

The real question here is whether Nelson actually has significant limitations in CPP. The record evidence on this point is inconsistent. As the ALJ points out, some sources describe her mental status as essentially normal. R. 19 (citing Dr. Larson's notes) (*see, e.g.*, R. 372). But others describe her has having moderate limitations in CPP. R. 430 (psychologist Dr. Weber's opinion). The ALJ himself ascribed moderate limitations in CPP at step three. The court is at a loss to determine whether the ALJ found any limitations in CPP or what they were. Remand is required so that the ALJ can make clear findings on this question. Of course, if Nelson has moderate limitations in CPP, her limitations must be accounted for in her RFC. *See Yurt v. Colvin*, 758 F.3d 850, 857 (7th Cir. 2014).

Nelson also contends that the ALJ incorrectly weighed the opinion of the consultative examining psychologist, Kurt A. Weber, PhD, and the opinion of Nelson's social worker, Janet Butler. The ALJ discounted Weber's opinion because it was rendered about eight months after Nelson's date last insured. R. 18. But the ALJ failed to consider whether Weber's opinion was consistent with records from the relevant period, and whether it might have been informative. The ALJ gave Butler's opinion little weight because it was based on Nelson's self-reports and unsupported by other evidence. R. 18-19. But the ALJ himself had at least provisionally credited Nelson's self-reported limitations. R. 12. Although a social worker is not an acceptable medical source, the ALJ must still weigh the value of her opinion by applying the factors of 20 C.F.R. § 404.1527(c), and by adequately explaining his reasoning. SSR 06-3p. On remand, the ALJ must weigh each opinion by applying the pertinent factors and identifying which specific records undermine each opinion and how. The ALJ is cautioned that Nelson's subjective reports cannot be discredited merely because they are not corroborated by objective evidence. *Carradine v. Barnhart*, 360 F.3d 751, 753 (7th Cir. 2004).

Accordingly, IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Acting Commissioner of Social Security, denying plaintiff Jeannene Nelson's application for disability benefits is REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g). The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered February 12, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge